IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**LEROY BOTELLO, Individually and on**                   **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                        No. 5:19-cv-1348

**MISSION CYCLESPORTS, L.P., and**                   **DEFENDANTS**
**FREDERICK WILLIAM BOSSHARDT, II**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Leroy Botello, individually and on behalf of others similarly situated, by and through his attorneys  Allison Koile and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendants Mission Cyclesports, L.P., and Frederick William Bosshardt, II, (collectively "Defendants"), and in support thereof he does hereby state and allege as follows:

## I.     PRELIMINARY STATEMENTS

1.     This is an action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants pursuant to Section 216(b) of the FLSA.

2.     Plaintiff proposes a Section 216 collective composed of hourly-paid employees of Defendants within the three years prior to the filing of Plaintiff's Original Complaint.

3.     During the applicable time period, Plaintiff and the proposed collective members work/worked for Defendants and are/were denied their rights under applicable federal wage and hour laws.

4.      The proposed Section 216 collective will seek recovery of monetary damages for overtime hours worked by Plaintiff and the class members.

5.      Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 US.C. § 201, et seq. ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest and costs, including reasonable attorney's fees as a result of Defendants' commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated overtime compensation for all hours worked each week that they were/are made to work.

6.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

7.      Plaintiff has filed or will file his written Consent to Join this lawsuit pursuant to Section 216 of the FLSA.

## II.      JURISDICTION AND VENUE

8.      The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

9.      The acts complained of herein were committed and had their principal effect against Plaintiff within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.      THE PARTIES

10.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11.     Plaintiff Leroy Botello is an individual and resident and domiciliary of Bexar County. He was employed by Defendants to work as an hourly employee within the three (3) years preceding the filing of this Complaint.

12.     At all times relevant herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA 29 U.S.C. § 201, *et seq.*

13.     Defendant Mission Cyclesports, L.P., is a Texas limited partnership.

14.     Defendant Mission Cyclesports, L.P.'s agent for service of process in Texas is Frederick William Bosshardt II, 103 Bushnell Avenue, San Antonio, Texas 78212.

15.     Defendant Frederick William Bosshardt, II, (hereinafter "Bosshardt") is a citizen and resident of the State of Texas, and at all times relevant to this Complaint, is and has been an officer and owner, member, partner of Defendant Mission.

16.     Bosshardt has at all times relevant hereto controlled the day-to-day operations of Mission, such that he is liable to Plaintiff as an employer under the FLSA.

17.     Bosshardt established and maintained the wage and employment practices at issue in this case.

18.     Defendants hired and fired, or had the right to fire, Plaintiff and the collective members, established and maintained the pay policies and work schedules for Plaintiff and the collective members, supervised Plaintiff and the collective members, and otherwise controlled the working conditions of Plaintiff and the collective members.

19.     Defendants are an "employer" within the meaning set forth in the FLSA and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the collective members.

20.     Defendants have employees engaged in commerce and have employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, including motorcycles and motorcycle parts and accessories.

21.     Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

## IV.     FACTUAL ALLEGATIONS

22.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

23.     Defendants' primary business purpose is sell motorcycles, as well as motorcycle parts and accessories and motorcycle-related merchandise, to their customers, among other services. Defendants employed employees such as Plaintiff and the collective members to accomplish these purposes.

24.     Within three years prior to the filing of this Complaint, Defendants hired Plaintiff, among other individuals, to perform relevant duties such as performing customer service and sales work to Defendants' customers.

25.     Plaintiff worked for Defendants as an hourly-paid Parts Associate from approximately December of 2016 through the July of 2019.

26.     Plaintiff performed customer service and sales work, as well as other work, for Defendants. Other hourly-paid employees for Defendants also performed customer service and sales work.

27.     Defendants hired Plaintiff and the members of the collective and set their work schedules, including the hours to be worked, and paid them an hourly wage.

28.     Defendants exercised comprehensive control over the employment of their employees, including the employment of Plaintiff and the collective members.

29.     Defendants dictated the hours worked by their employees, including Plaintiff and the collective members.

30.     Defendants established the method and rate of pay for their employees, including Plaintiff and the collective members.

31.     Plaintiff and other hourly-paid employees spent their workday primarily engaged in interactions with Defendants' customers and working with Defendants' merchandise.

32.     In addition to their hourly rate of pay, Defendants paid Plaintiff and other hourly-paid employees additional compensation in the way of commission and/or bonuses (hereinafter "commission") based on items sold and store income.

33.     The commission payments made to Plaintiff and each hourly-paid employee for Defendants constituted less than fifty percent of his or her total pay during each representative period.

34.     Defendants did not include commission payments when calculating overtime wages for Plaintiff and other hourly-paid employees.

35.     Plaintiff and other hourly-paid employees worked in excess of forty (40) hours per week for Defendants.

36.     Plaintiff and other hourly-paid employees worked in excess of forty (40) hours per week in at least one week in which they also earned commissions for Defendants.

37.     Because Defendants did not include commission payments in the overtime wage calculations, Plaintiff and other hourly-paid employees were not properly paid overtime wages for all overtime hours worked by them.

38.     Defendants knew, or showed reckless disregard for whether, the way it paid Plaintiff and other hourly-paid employees violated the FLSA.

39.     Defendants knew or should have known that the job duties of Plaintiff and other hourly-paid employees required them to work in excess of forty hours, yet Defendants failed and refused to compensate them for their work as required by the FLSA.

40.     At all times relevant hereto, Defendants was aware of the minimum wage and overtime requirements of the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

41.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

42.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were or are denied payment for all hours worked over forty (40) per week and/or whose overtime pay is or was not calculated in compliance with the requirements of the FLSA within the applicable statute of limitations period.

43.     Plaintiff asserts violations of the FLSA on behalf of all persons who were employed by Defendants as hourly-paid employees from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

44.     Plaintiff is unable to state the exact number of the collective, but believes that membership exceeds thirty (30) persons.

45.     Defendants can readily identify the members of the class, who are a certain portion of the current and former employees of Defendants.

46.     The proposed collective members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including:

A.     Defendants' uniform practice of requiring collective members to work hours in excess of forty per week;

B.     Defendants' uniform practice of paying collective members commission payments which do not exceed fifty percent of pay during the representative period;

C.     Defendants' failure to include commission payments when calculating overtime wages for the collective members; and

D.     Defendants' failure to pay members of the class proper overtime compensation for all hours worked over forty (40) per week in violation of the FLSA, 29 U.S.C. § 201 et seq.

47.     Because collective members are similarly situated to Plaintiff and are owed overtime for the same reasons, at least one proper definition of the class is as follows:

**Each hourly employee who received commissions/bonuses during the three years before this Original Complaint.**

48.     This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA.

49.     The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided

to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

50.     The email addresses or cell phone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via email and/or text message to their last known email addresses/cell phone as soon as possible.

51.     In addition, and in the alternative, Plaintiff bring this action in his individual and personal capacity, separate and apart from the class claims set forth herein.

## VI.     FIRST CAUSE OF ACTION
### (Individual Claim for FLSA Overtime Violations)

52.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

53.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

54.     During the relevant time period, Defendants unlawfully refrained from paying Plaintiff a lawful overtime premium for hours worked over forty (40) per week.

55.     Defendants' failure to pay Plaintiff all overtime wages owed was willful.

56.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable

attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

57.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

58.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

59.    Plaintiff, on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

60.    During the relevant time period, Defendants unlawfully refrained from paying its hourly employees a lawful overtime premium for hours worked over forty per week.

61.    Plaintiff proposes to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiff, which may be defined as follows:

**Each hourly employee who received commissions/bonuses during the three years before this Original Complaint.**

62.    Defendants' failure to pay the collective members overtime wages owed was willful.

63.    By reason of the unlawful acts alleged herein, Defendants are liable to members of the Section 216 collective for monetary damages, liquidated damages, and

costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

64.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    WILLFULNESS

65.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

66.     All actions by Defendants were willful and not t

67.     he result of mistake or inadvertence.

68.     Defendants knew or should have known that the FLSA applied to the operation of its business at all relevant times.

69.     Despite being on notice of its violations, Defendants chose to continue their policies and practices described above which resulted in Plaintiff and other members of the proposed collective class working overtime hours for which they were not properly compensated.

70.     Additionally, upon information and belief, some members of the proposed collective class from time to time complained to Defendants about the unlawfulness of Defendants' manner of payment and policies related to improper payment procedures.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Leroy Botello, individually and on behalf of others similarly situated, respectfully prays for relief and damages as follows:

A.   That Defendants be summoned to appear and answer herein;

B.   That Defendants be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C.   A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

D.   Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.   Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

F.   Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

G.   An order directing Defendants to pay Plaintiff and members of the collective prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

H.   Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**LEROY BOTELLO, Individually
and on behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Allison Koile
Ark. Bar No. 2011154
allison@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com